**WALKER-HILL CO. v. UNITED STATES.**

No. 45C1640.

District Court, N. D. Illinois, E. D.

May 8, 1946.

Kegan & Kegan, of Chicago, Ill., for plaintiff.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

In accordance with Rule 52 of the Federal Rules of Civil Procedure, the Court finds the following facts and draws the following conclusions of law:

### Findings of Fact

1. Plaintiff, the Walker-Hill Company, is an Illinois corporation with its offices at 665 West Washington Street, Chicago, in the Northern District of Illinois, Eastern Division.

2. This is an action to recover taxes under the "drawback" provisions of section 3250 of the Internal Revenue Code as amended by section 602 (f) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 3250 (*l*).

3. Plaintiff is a manufacturer of food products and was a licensed wholesale food establishment throughout 1942 and 1943.

4. During the years 1942 and 1943, plaintiff manufactured an eggnog sold under the brand names of "Martin's" and "Dukas" Brandy Egg Nog, which eggnog contained in each 200 gallons: 750 pounds of egg material; 20 gallons of milk; 496 pounds of sugar and dextrose; 65 gallons of 100 proof distilled spirits; and flavoring.

5. On September 28, 1942, the Alcohol Tax Unit of the United States Treasury Department advised plaintiff that a sample of its eggnog made in conformity with the formula listed in paragraph 4 above was "unfit for beverage use and does not incur special and commodity taxes".

6. Plaintiff's eggnog is a food product unfit for beverage purposes.

7. The expert medical testimony of record establishes that normal persons cannot ingest enough of plaintiff's eggnog to cause them to exhibit the effects of alcohol.

8. The expert medical testimony of record establishes that plaintiff's product is not intoxicating, and that it is not a beverage.

9, The expert medical testimony of record establishes that the milk and eggs in plaintiff's product inhibit the physiological effects of the alcohol therein.

10. The labels on plaintiff's eggnog represented it as a food product, and plaintiff in the sales of its eggnog made no representations to the contrary.

11. Plaintiff sold or otherwise transferred its eggnog for use for other than beverage purposes.

12. Plaintiff sold its eggnog to department stores, wholesale liquor dealers and licensed food brokers, all of which also sold other products unfit for beverage use.

13. Plaintiff never instructed any of its distributors or the distributors' customers to sell its eggnog for any other purpose than as a food product.

14. Plaintiff had no knowledge that retailers misrepresented the character of plaintiff's product, if such was the case.

15. Plaintiff used in the manufacture of its eggnog fully tax paid distilled spirits which were produced in a domestic registered distillery.

16. Plaintiff paid the special annual tax required under the Drawback Law, and registered in 1943 with the Commissioner of Internal Revenue in conformity with said law.

17. Within the statutory period, and in conformity with the Drawback Law and regulations pertaining thereto, plaintiff filed with the Collector of Internal Revenue for the First District of Illinois a claim in the sum of $618.96 for drawback on distilled spirits used in the manufacture of its eggnog during the period from January 1, 1943 to March 31, 1943, which claim was erroneously and illegally denied by the Commissioner of Internal Revenue.

18. Within the statutory period, and in conformity with the Drawback Law and regulations pertaining thereto, plaintiff filed with the Collector of Internal Revenue for the First District of Illinois a claim in the sum of $3,326.93 for drawback on distilled spirits used in the manufacture of its eggnog during the period from April 1, 1943 to June 30, 1943, which claim was erroneously and illegally denied by the Commissioner of Internal Revenue.

19. Within the statutory period, and in conformity with the Drawback Law and regulations pertaining thereto, plaintiff filed with the Collector of Internal Revenue for the First District of Illinois a claim in the sum of $3,550.61 for drawback on distilled spirits used in the manufacture of its eggnog during the period from July 1, 1943 to September 30, 1943, which claim was erroneously and illegally denied by the Commissioner of Internal Revenue.

20. The evidence of record adequately supports plaintiff's contentions in its complaint.

### Conclusions of Law

1. This Court has jurisdiction over the subject matter of this suit, and the parties thereto.

2. Plaintiff's eggnog is a food product unfit for beverage purposes within the meaning of the "drawback" provisions of section 3250 of the Internal Revenue Code, as amended by section 602(f) of the Revenue Act of 1942.

3. Plaintiff sold or otherwise transferred its eggnog for use as a food product and not for beverage purposes.

4. Plaintiff is not barred from recovery under the Drawback Law even if occasional sales of its eggnog for beverage purposes were made by retail liquor dealers who were not in privity with the plaintiff and who had never received suggestions from the plaintiff or the plaintiff's distributors to sell it otherwise than as a food product.

5. Defendant erroneously and illegally denied plaintiff's claims for drawback in the sums of $618.96, $3,326.93, and $3,550.61 on distilled spirits used in its eggnog during the first, second, and third quarters of 1943, respectively.

6. Plaintiff has complied in all respects with the provisions of section 3250 of the Internal Revenue Code, as amended, and is entitled to a drawback in the total sum of $7,495.80 for distilled spirits used from

January 1, 1943 to September 30, 1943 on the manufacture of its eggnog.

7. Plaintiff's complaint should be sustained.

8. Plaintiff is entitled to its costs.